**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

TIARA GRAYSON,

      Plaintiff,

  -against-

THE CITY OF ROCHESTER, a municipal entity, MARLON WILLIAMS, NICHOLAS VANDEMAR, "JOHN DOE POLICE OFFICER 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,

      Defendants.

**MEMORANDUM OF LAW**

**Case No.: 21-cv-6719**

## PRELIMINARY STATEMENT

Defendants City of Rochester, Marlon Williams and Nicholas Vandemar ("City Defendants") reject the alleged description of the circumstances leading to Plaintiff's claims, and focuses on Plaintiff's legal challenges.

Plaintiff claims she was arrested in August 28, 2020 after her mother called 911 and was falsely arrested and subject to Assault and Battery, Malicious Prosecution and 42 U.S.C. §1983 excessive force by the City Defendants (cause of actions 1 through 4). Plaintiff also claims that she participated in a public demonstration on the night of September 4, 2020, and now brings ten claims mostly from her interaction with the City Defendants during that demonstration: Municipal Liability under 42 U.S.C. §1983 (Fifth cause of action against the City Defendants), 42 U.S.C. §1983 Excessive Force by the City Defendants (Seventh Cause of Action against the City Defendants), Assault and Battery (Eighth Cause of Action), First Amendment Violation (Ninth Cause of Action),

Failure to Intervene (Tenth Cause of Action) Negligent Planning ((Eleventh Cause of Action) and Negligence by the City of Rochester (Fourteenth Cause of Action).

This matter was originally filed as New York State action with the Clerk on September 6, 2021. The matter was removed to the Western District (Federal Court) by the co-defendant County of Monroe on November 23, 2021. Plaintiff Amended her Complaint after the matter was removed and after the City filed a Motion to Dismiss in State Court.

The City now moves to dismiss the Plaintiff's fifth, ninth, tenth, eleventh and fourteenth claims for relief. Even under a deferential standard of review, Plaintiff has failed to sufficiently plead her alleged claims.

## STATEMENT OF FACTS

Plaintiff participated in a protest in the City of Rochester on September 4-5, 2020. (Amended Complaint ¶¶ 35-51)

Plaintiff alleges that during these protests, she was hit with pepper balls (Amended Complaint ¶¶ 51).

Plaintiff also pleads that "RPD officers…were at all times employees and agents of the Defendant (City)" and acting within the scope of his or her employment. (Amended Complaint ¶4). The Plaintiff alleges the City should be responsible under respondeat superior for Plaintiff's claims (Amended Complaint ¶ 136). Plaintiff also alleges respondeat superior against the City throughout the Amended Complaint.

Plaintiff alleges that the individual defendants failed to fulfill their "affirmative duty to intervene on Plaintiff's behalf to prevent the violation of her rights" (Amended Complaint

¶178-184), even though they were alleged to have substantially contributed to the alleged violation (Amended Complaint, *passim*).

Plaintiff also alleged that the City was negligent in the training, supervision, and discipline of their respective law enforcement employees when they failed to plan for law enforcement to properly police protests and demonstrations (Amended Complaint ¶¶ 185-201). According to Plaintiff, the City also "breached [their] duty to keep demonstrators safe" (e.g., Amended Complaint ¶¶ 189-201).

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) (internal quotations omitted), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must also draw all reasonable factual inferences in the Plaintiff's favor, they may decline to accept legal conclusions that plaintiffs present as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. at 678.

## ARGUMENT

I. **IN HER NINTH CLAIM PLAINTIFF FAILED TO ALLEGE THE ELEMENTS OF FIRST AMENDMENT INFRINGEMENT AND RETALIATION, SO BOTH CLAIMS MUST BE DISMISSED.**

To claim deprivation of First Amendment rights, Plaintiff must allege specific, non-speculative impairment of her First Amendment rights—and she does not. *Spear v. West Hartford*, 954 F.2d 63 (2d Cir. 1992). Plaintiff alleges details from her participation in a protest on September 4, 2020 with law enforcement interaction (Amended Complaint ¶ 170-177), and not once alleged that her speech was hindered in any way.

As a private citizen suing a public official for First Amendment retaliation, Plaintiff must show that: "(1) [he] has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Wood v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008). Furthermore, these claims must be set forth "through specific and detailed factual allegations," not "wholly conclusory terms[,]" in order to survive a motion to dismiss. *Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000).

Plaintiff has not pled any of the elements of First Amendment retaliation. She has not demonstrated that the alleged retaliation was caused by her alleged free speech or how Defendants allegedly "chilled [his] exercise of [his] First Amendment right." While she states that she was arrested at the protests (Verified Complaint ¶¶ 172-173), she fails to allege that law enforcement responded in this way, *because of* her exercise of First Amendment rights. The Verified Complaint also contains no allegation of how Defendants stopped or even chilled her free speech. She never alleged that he wanted to engage in First Amendment speech, but declined to because of Defendants' actions. Furthermore, arrests, without more, do not constitute chilling effect on First Amendment rights. *Wood v. Town of E. Hampton*, No. 08-CV-4197, 2010 U.S. Dist. LEXIS 104806, at *23-24 (E.D.N.Y. Sept. 30, 2010).

## II. BECAUSE LAW ENFORCEMENT OFFICERS MAY NOT BE SUED FOR SIMULTANEOUSLY ENGAGING IN AND FAILING TO INTERVENE TO PREVENT EXCESSIVE FORCE, PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED.

Plaintiff's tenth cause of action for failure to intervene must be dismissed. The City acknowledges that federal law recognizes that law enforcement officer have "an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (emphasis added). Failure to intervene is inapplicable, however, "[w]here the officer is a direct participant in the allegedly excessive use of force[.]" *Cuellar v. Love,* No. 11-CV-3632, 2014 U.S. Dist. LEXIS 51622, at *23, (S.D.N.Y. Apr. 11, 2014); See also *Abujayyab v. City of New York,* No. 15-CV-10080, 2018 U.S. Dist. LEXIS 140914 at *23-24 (S.D.N.Y. Aug. 20, 2018).

Plaintiff has pled this exact inapplicable set of circumstances: she brings suit for a failure to intervene against the officers who allegedly engaged in excessive force. Indeed, the allegation itself confirms the need for the dismissal, when she expressly claims they allegedly failed to intervene in the situation they created: "The individual defendants failed to intervene on Plaintiff's behalf despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by their affirmative conduct." (Amended Complaint ¶ 179-180) Plaintiff's tenth claim for failure to intervene must be dismissed in light of Plaintiff's claim that they also engaged in the alleged violation of her constitutional rights.

### III. PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST THE CITY MUST BE DISMISSED AS A MATTER OF LAW AND LEGAL INSUFFICENCY.

Plaintiff's eleventh and fourteenth causes of action must also be dismissed, because Plaintiff has impermissibly pled that the officers were acting both within and outside of the scope of their employment during the circumstances giving rise to the claims. Plaintiff's claim of negligent planning must be dismissed.

It is well settled under New York State law that a plaintiff may not bring a claim holding an employer liable for negligent supervision and training when the employee's actions were within the scope of the employee's employment. *Watson v. Strack*, 5 A.D.3d 1067, 1068 (4th Dep't 2004);[1] *Ambroise v. United Parcel Service of America, Inc.*, 143 A.D.3d 929, 931 (2d Dep't 2016). Indeed, "[t]he cause of action for negligent training, supervision and education *must be dismissed* in view of the cause of action alleging that defendant is liable for the negligent acts of its employee under the doctrine of respondeat superior." *Trader v. State*, 277 A.D.2d 978, 978 (4th Dep't 2000) (emphasis added).

Despite this clear and consistent precedent, Plaintiff has pled these contradictory theories: that RPD officers were "within the scope of their employment" while allegedly engaged in civil violations against the Plaintiff (Amended Complaint ¶4)—but also that the City "was negligent in the training, supervision, and discipline" of its police officers (Amended Complaint ¶ 141). Under New York State Law, the Court must dismiss Plaintiff's negligence claim against the City as a matter of law, because it cannot co-exist with claims of respondeat superior.

---

[1] Only one exception exists: the employer's alleged gross negligence in an employee's hiring or retention for which the Plaintiff seeks punitive damages. *Watson*, 5 A.D.3d at 1068. Plaintiff has not pled this exception and it is, moreover, inapplicable, because punitive damages cannot be awarded against a municipality. *Sharapata v. Islip*, 56 N.Y.2d 332 (N.Y. 1982).

Plaintiff also alleges that the City "breached its duty to keep demonstrators safe" (e.g., Amended Complaint, ¶ 189). Municipalities cannot be held liable for failing to protect specific individuals, unless a "special relationship" exists. *Cuffy v. New York*, 69 N.Y.2d 255, 260 (N.Y. 1987). Here, Plaintiff failed to plead the elements of any such special relationship: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking." *Cuffy*, 69 N.Y.2d at 260. Without a special relationship, the City did not owe a duty of protection to the demonstrators, and any claims for breaching the alleged duty must be dismissed.

IV. **PLAINTIFF'S NEGLIGENCE CLAIM (FOURTEENTH CAUSE) AGAINST THE INDIVIDUAL OFFICERS MUST BE DISMISSED, BECAUSE IT CONFLICTS WITH HER INTENTIONAL TORT CLAIMS AND MUNICIPAL ACTORS MAY NOT BE LIABLE FOR DISCRETIONARY ACTS.**

Plaintiff cannot plead both an intentional tort and negligence, so one set of claims—presumably the negligence—must be dismissed. These claims are "mutually exclusive," because "[a]n assault and battery is an intentional act, whereas negligence is unintentional." *United National Insurance Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993); *Mazzaferro v. Albany Motel Enterprises, Inc.,* 515 N.Y.S.2d 631, 632-33 (3d Dep't 1987); see also *New York Casaulty Ins. Co. v Ward*, 139 A.D.2d 922, 923 (4th Dep't 1988).

The New York State Court of Appeals has repeatedly held that under the government function immunity defense, "discretionary acts may not be the basis of

liability" for municipalities or their employees--"even if resulting from negligence or malice." *McLean v. City of New York*, 12 N.Y.3d 194, 202 (N.Y. 2009); see also *Lauer v. City of New York*, 95 N.Y.2d 95, 99 (N.Y. 2000). Discretionary acts involve "the exercise of reasoned judgment which could typically produce different acceptable results[.]" *Tango v. Tulevech*, 61 N.Y.2d 34, 41 (N.Y. 1983).

(On the other hand, ministerial acts involve "direct adherence to a governing rule or standard with a compulsory result" (*Tango,* 61 N.Y.2d at 41) and may result in liability— if actions violate a special duty owed to an individual. *McLean*, 12 N.Y.3d at 203; *Lauer,* 95 N.Y.2d at 99-101.)

Most law enforcement activities—and certainly the ones pled here, i.e., using force against Plaintiff—inherently involve discretion and judgment. *Arias v. City of New York*, 22 A.D.3d 436, 437 (2d Dep't 2005) ("This immunity extends to the actions of police officers engaged in law enforcement activities, provided that the officers' actions are not inconsistent with acceptable police practice[.]"); see also *Davila v. City of New York*, 139 A.D.3d 890, 894-895 (2d Dep't 2016) (affirming that officers allegedly negligent acts in restraining individual with mental illness were discretionary). Plaintiff alleges police officers were negligent in using force (Amended Complaint ¶224-229) when these officers were responding to "hundreds of protestors thousands" marching on a bridge (Amended Complaint ¶ 42). The officers exercised their judgment and determined the level of force to use in response to the situation, which means the officers are immune from liability for any negligence in those discretionary acts.

## CONCLUSION

For the foregoing reasons, Defendant City respectfully request that the Court grant

their motion to dismiss the ninth, tenth, eleventh and twelfth causes of action, and award the City such other relief as the Court deems proper.

DATED: May 17, 2022

/s/John M. Campolieto
_____
John M. Campolieto, Esq., of counsel
Attorneys for Defendants
30 Church Street, Room 400A City Hall
Rochester, NY  14614
Telephone:  (585) 428-7410