# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

## AMENDED CASE MANAGEMENT ORDER

---

**Brandon Boehner, et al.,**

          Plaintiffs,

    v.                                                21-cv-6574-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

---

**Amanda Flannery,**

          Plaintiff,

    v.                                                22-cv-6101-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

---

**Kaitlin Flannery,**

          Plaintiff,

    v.                                                22-cv-6062-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

---

**Tiara Grayson,**

        Plaintiff,

        v.                    21-cv-6719-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Christopher Hilderbrant,**

        Plaintiff,

        v.                    21-cv-6714-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Jaeylon Johnson,**

        Plaintiff,

        v.                    24-cv-6081-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Emily Lynch,**

        Plaintiff,

        v.                    21-cv-6708-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Indiia Maring,**

          Plaintiff,

          v.                              21-cv-6720-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

**Jamia McCuller,**

          Plaintiff,

          v.                              21-cv-6763-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

**Wendy Painting,**

          Plaintiff,

          v.                              22-cv-6179-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

**Alyssa Pigott,**

          Plaintiff,

          v.                              22-cv-6180-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

3

**Geoffrey Rogers,**

        Plaintiff,

    v.                      22-cv-6583-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

---

**Daniel Sorokti,**

        Plaintiff,

    v.                      21-cv-6709-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

---

**Maranie Rae Staab,**

        Plaintiff,

    v.                      22-cv-6063-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

---

**Stephanie Woodward,**

        Plaintiff,

    v.                      21-cv-6685-FPG-MJP

**The City of Rochester, et al.,**
        Defendants.

---

---

**Nicole Hushla,**

                Plaintiff,

          v.                                 22-cv-6039-FPG-MJP

**The City of Rochester, et al.,**

                Defendants.

---

**Jesse Ames[1],**

                Plaintiff                22-cv-6409-FPG-MJP

          v.

**The City of Rochester, et al.**

                Defendants.

---

**Sabine Adler,**

                Plaintiff,

          v.                                 23-cv-6513-FPG-MJP

**The City of Rochester, et al.,**

                Defendants.

---

[1] The Court notes that with respect to **only the Ames case** the deadline to provide initial disclosures is **June 13, 2025**. The deadline for initial disclosures has passed in all other cases.

---

**Kavonna Buchanan,**

       Plaintiff,

       v.                                 23-cv-6292-FPG-MJP

**The City of Rochester, et al.**

       Defendants.

---

**Katie Adamides, et al.,**

       Plaintiffs,

       v.                                 24-cv-6107-FPG-MJP

**The City of Rochester, et al.,**

       Defendants.

---

The above cases are assigned to the Hon. Frank P. Geraci, Jr., Senior District Judge, and referred to the undersigned. Pursuant to a joint request of the parties to avoid future confusion and have all cases on the same schedule and the Court finding that the parties have demonstrated good cause for the requested extension and, accordingly, the Court hereby

**ORDERS**

1. **Mandatory disclosures.** With respect to ***Ames v. City of Rochester, et al.* (22-CV-6409-FPG-MJP), *Adler, et al. v. City of Rochester, et al.* (23-CV-6513-FPG-MJP), *and Buchanan v. City of Rochester, et al.* (23-CV-6292-**

**FPG-MJP)** the deadline for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26 shall be **June 13, 2025.** The deadline for mandatory disclosures has passed in all other cases above.

2. **Motions to amend.** The parties shall file any motions to amend the pleadings or to add or join any parties no later than **January 2, 2026.**

3. **Close of fact discovery.** The parties shall complete all fact discovery by **April 1, 2026.**

4. **Experts.** Plaintiff shall identify any expert witnesses and serve any expert reports no later than **July 20 2026.** Defendant shall identify any expert witnesses and serve any expert reports no later than **August 20, 2026.** All expert discovery, including depositions, shall be completed by **September 22, 2026.**

5. **Motions to compel.** The parties shall file any motions to compel discovery no later than **April 1, 2026.**

6. **Dispositive motions.** Dispositive motions, if any, shall be filed no later than **November 10, 2026.**

7. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore,

letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

8. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

   a. When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension shall be made at least one week before the deadline to be extended.

   b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

   c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

9. **Warning.** The undersigned may, on motion or *sua sponte,* impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**IT IS SO ORDERED.**

Dated:     June 10, 2025
           Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge

9